IN THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN M. JOHNSON | § | |
| Petitioner | § | |
| | § | No. 3:16-cv-01993-L |
| VS. | § | |
| | § | |
| WILLIAM "SCOTT" DRAKE | § | |
| Respondent | § | |

**PETITIONER'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
PETITIONER'S RESPONSE TO RESPONDENT'S MOTION TO DISMISS AND
ALTERNATIVELY TO TRANSFER VENUE**

TO THE HONORABLE MAGISTRATE JUDGE:

Petitioner Steven M. Johnson ("Johnson") files his Supplemental Memorandum in Support

of Petitioner's Response to Respondent's Motion to Dismiss and Alternatively to Transfer Venue.

Petitioner will refer to himself as "Johnson" and to Respondent as "Drake," and would respectfully

show the Court the following:

**I.**

1.      Drake contends that Johnson failed to effectively serve Drake in this lawsuit and raises the

defense of "insufficient service of process" under Federal Rule of Civil Procedure 12(b)(5). (Doc.

9, p. 22). Drake submitted the Declaration of Mrs. Drake in support of this contention. (Doc. #10,

p. 4-6).  This contention is not well taken.

**II.  DRAKE WAS SUFFICIENTLY SERVED WITH PROCESS.**

2.      As previously noted in Johnson's Response and Memorandum in Support [Doc. #13, p. 2;

Doc. #13-1, pp. 21-22], dismissal for insufficient service of process in disfavored and should be

granted only on a showing of  "strong and convincing evidence" of insufficient service of process

as well as prejudice. *People's United Equip. Fin. Corp. v. Hartmann*, 447 Fed. Appx. 522, 524 (5th Cir. 2011); *Sanderford v. Prudential Ins. Co.*, 902 F.2d 897, 900-01 (11th Cir. 1990).  In this instance, *prima facie* service was established by the signed and date process server's return in which the process server avers that he served Mr. Drake's wife, Amanda Drake, at the Drake's place of residence.  [Doc. # 1-2, App. 058-059; *see also* Supp. App. 0521-22 and Supp. App. 0526]; *People's United Equip. Fin. Corp.,* 447 Fed. Appx. at 524 (  "The general rule is that "[a] signed return of service constitutes *prima facie* evidence of valid service...").

3.      Drake admits that a process server arrived at the Drakes' correct residence, admits that Mrs. Drake went to the door, and admits that the process server left an envelope at the door where it remained until Mr. Drake returned home, [Doc. # 9, pg. 22 and Drake App.005-006], but claims that this is not sufficient service.   The Supplemental Appendix in support of this memorandum contains the Declaration of Jim Sutcliffe and Exhibits Z1-Z-3 (photographs of Mr. and Mrs. Drake and proof of service) to his Declaration.

4.      Mr. Sutcliffe's Declaration establishes that he was provided with the address for and photographs of Mr. and Mrs. Drake.  He arrived at the residence located at 1477 Sherman Lake Road, Lino Lakes, Minnesota, and identified Mrs. Drake by the photographs. [Supp. App.0521]. He spoke with Mrs. Drake. [Supp. App.0521-522].  After he confirmed her identity and the location of the residence he left the documents at the residence and signed the proof of service. [Supp. App.0521-052].  Therefore, under Fed. R. Civ. P. 5(b)(2)(B) Johnson's burden to serve Drake with the Application and supporting documents was clearly met.  There is no failure of service, and the Drakes certainly do not show prejudice.

5.      Drake's admissions and Mr. Sutcliffe's Declaration with the attached photographs

demonstrate conclusively that the Drakes were properly identified, the residence was correct and service was effectuated under the Rules. Drake's Motion to Dismiss in this respect should be denied.

## III. PRAYER

7.      For the reasons stated in Johnson's Response, Johnson's Memorandum in Support of his Response, this Supplemental Memorandum and Appendix in Support of his Response, the Application and Motion to confirm the award, as well as the Memoranda and Appendices in Support, Johnson respectfully requests that the Court deny Drake's Motion to Dismiss and Alternatively to Transfer Venue, confirm the Corrected Final Award, enter final judgment in accordance with the Corrected Final Award, and for such other and further relief, at law and in equity to which he may show himself to be entitled.

Respectfully submitted,


*/s/ Jennifer M. Andrews*

By: _____
        Jennifer M. Andrews
        State Bar ID No. No. 01243010
        j.andrews@wallach-law.com
        Cynthia Kent Maragoudakis
        State Bar ID No. No. 00787962
        cynthia.maragoudakis@wallach-law.com
        WALLACH & ANDREWS, P.C.
        2501 Parkview Drive, Suite 303
        Fort Worth, Texas 76102
        (817) 338-1707 / (817) 338-1787 Fax

**ATTORNEYS FOR PETITIONER JOHNSON**

## CERTIFICATE OF SERVICE

I certify that on this 16th day of September 2016, a copy of this document was served on all counsel via efiling and email as follows:

Ashley Raso/Tony Nemo/Andrew Davick, via email
Meshbesher & Spence, PLLC
araso@meshbesher.com
adavick@meshbesher.com
tnemo@meshbesher.com

/s/ Jennifer M. Andrews

_____

Jennifer M. Andrews