## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **STEVEN M. JOHNSON** | ) | |
| **Petitioner** | ) | |
| | ) | |
| **VS.** | ) | **No. 3:16-cv-01993-L** |
| | ) | |
| **WILLIAM SCOTT DRAKE** | ) | |
| **Respondent** | ) | |

### PETITIONER'S MEMORANDUM IN SUPPORT OF OBJECTIONS
### TO THE FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Steven M. Johnson respectfully files this Memorandum in Support of Objections

to the Findings, Conclusions, and Recommendations of the United States Magistrate Judge.

# TABLE OF CONTENTS

TABLE OF CONTENTS............................................................. 2

TABLE OF AUTHORITIES........................................................ 3

INTRODUCTION.................................................................. 6

ARGUMENT..................................................................... 12

    A. Service in Accordance with FRCP 4(e) is Effective Service Under FAA Section 9. . 12

    B. Failure to Assert R12(b)(2-5) Defenses Results in Waiver........................ 17

    C. Alternatively, if Service by Private Process Server is Insufficient,

        Service Should Be Quashed With Leave to Re-Serve Respondent............ 18

    D. This Court Should Enter an Order Confirming Arbitration Award............... 18

CONCLUSION................................................................... 19

CERTIFICATE OF SERVICE...................................................... 22

# TABLE OF AUTHORITIES

*CASES*

*1-800-BoardUp, Inc. v. Quality Renovations,*
    *LLC*, No. 4:12-MC-331, LEXIS 91851 (E.D. Mo. July 2, 2012). . . . . . . . . . . . . . . . . . 15

*Cunningham v. Burns*,
    No. 3:12-CV-1824-L (BH) 2013 WL 4505157 (N.D. Tex. Aug. 23, 2013). . . . . . . . . . . 16

*Dunlap v. City of Fort Worth*,
    No. 4:13-CV-802-O (BJ), 2014 WL 1677680 (Apr. 28, 2014). . . . . . . . . . . . . . . . . . . . 16

*Gregory v. U.S.*, 942, F.2d 1498 (10th Cir. 1991).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Hancor, Inc. v. R & R Eng'g Products, Inc.,* 381 F.Supp.2d 12 (D.P.R.2005). . . . . . . . . . . 14, 15

*In re Arbitration Between: Trans Chemical Ltd. and China Nat.*
    *Machinery Import and Export Corp.*, 978 F. Supp. 266 (S. D. Tex. 1997).. . . . . . . . . . . 13

*In re Lauritzen Kosan Tankers (Chem.Trading, Inc.),*
    903 F.Supp. 635 (S.D.N.Y.1995).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*May Financial Corporation v. Granger Meadows, Ltd.*,
    No. 3:02-CV-2482-L, 2003 WL 21246130 (N.D. Tex. March 31, 2003). . . . . . . . . . . . 13

*Matter of Arbitration Between Trans Chemical Ltd.  and China Nat.*
    *Machinery Import and Export Corp.*, 978 F. Supp. 266 (S. D. Tex. 1997).. . . . . . . . . . . 13

*Murphy Bros. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344 (1999). . . . . . . . . . . . . . . . . . . 16

*Papa Berg, Inc. v. World Wresting Entm't, Inc.*,
    No. 3:12-CV-2406-B, 2013 WL 2090547 (N.D. Tex. May 15, 2013). . . . . . . . . . . . . . 16

*Pavlov v. Parson*, 574 F. Supp. 393 (S.D. Tex. 1983).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Reed & Martin, Inc. v. Westinghouse Elec. Corp.,* 439 F.2d 1268 (2d Cir.1971). . . . . . . . . . 14

*Technologists, Inc., v. Mir's Ltd*, 725 F. Supp. 2d 120 (D.D.C. 2010). . . . . . . . . . . . . . . . . . 14

*Trans Chemical Ltd.  and China Nat. Machinery*
    *Import and Export Corp.*, 161 F.3d 314 (5th Cir. 1998).. . . . . . . . . . . . . . . . . . . . . . . . 14

*Umbenhauer v. Woog*, 969 F.2d 25 (3rd Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United Cmty. Bank v. Angarita*,
        No. 1:09cv307, 2010 WL 2775372 (W.D.N.C. July 13, 2010). . . . . . . . . . . . . . . . . . . 15

*VentureForth Holdings LLC v. Joseph*, 80 F. Supp. 3d 147 (D.D.C. 2015). . . . . . . . . . . . . . . 14

*Way v. Mueller Brass Co*, 840 F.2d 303, 306 (5th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . 16


*STATUTES*

42 United States Code, Section 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

9 United States Code, Section 9. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 14, 15, 16, 18, 19

9 United States Code, Section 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19


*RULES*

Fed. R. Civ. P., Rule 4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 15, 16, 17

Fed. R. Civ. P., Rule 4(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 15, 16, 17, 19

Fed. R. Civ. P., Rule 4(e)(2)(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P., Rule 4(h)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P., Rule 4(l)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P., Rule 5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 15

Fed. R. Civ. P., Rule 5(b)(2)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P., Rule 5(d)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P., Rule 12(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17, 18, 19

Fed. R. Civ. P., Rule 12(b)(2-5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Fed. R. Civ. P., Rule 12(b)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 19

Fed. R. Civ. P., Rule 12(b)(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18, 19

Fed. R. Civ. P., Rule 12(h)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 19

Tex. R. Civ. P., Rule106. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

N. Dist. Tex. Local Rules, LR 72.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

N. Dist. Tex. Local Rules, LR 7.1(I). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## INTRODUCTION

1.      Petitioner is Steven M. Johnson. Respondent is William Scott Drake.

2.      Petitioner and Respondent concluded arbitration of a fee dispute matter in which Petitioner received a Corrected Final Award which was made in Dallas, Texas, on July 7, 2016. [ECF No. 1-2; App. pgs. X000061 to X000080]

3.      On July 7, 2016, Petitioner filed his Application for Order Confirming Domestic Arbitration Award [ECF No. 1; App. pgs. X000001 to X000008], his Memorandum in Support of said application [ECF No. 1-1; App. pgs. X000009 to X000015] and attached Appendix. [ECF No. 1-2; App. pgs. X000016 to X000086]

4.      Respondent was served with Petitioner's Application for Order Confirming Domestic Arbitration Award, Memorandum in Support of said application with attached Appendix, along with citation and summons, [Proof of Service, ECF No. 6; App. pgs. X000091]

5.      On August 18, 2016, Petitioner filed his Motion to Confirm Domestic Arbitration Award and Enter Judgment [ECF No. 7; App. pgs. X000092 to X000094], and Memorandum in Support of said motion. [ECF No. 7-1; App. pgs. X000095 to X000100]

6.      Respondent filed his Motion to Dismiss and Alternatively to Transfer Venue. [ECF No. 8; App. pgs. X000101 to X000104]

7.      Respondent's motion to dismiss was referred to Magistrate Judge Paul D. Stickney for recommendation. [ECF No. 21; App. pgs. X000711 to X000712]

8.      Respondent's alternative request to transfer venue was referred to Magistrate Judge Stickney for determination. [ECF No. 22; App. pgs. X000713 to X000715]

9.      On February 9, 2017, Magistrate Judge Stickney recommended that the District Court grant

Respondent's motion to dismiss and to dismiss without prejudice Petitioner's Application for Order

Confirming Domestic Arbitration Award. [ECF No. 30; App. pgs. X000715 to X000723]

10.     Pursuant to N. Dist. Tex. Local Rules, LR 72.2 and LR 7.1(i), Petitioner includes supporting

documents in a separate Appendix.

Exhibit A:      Petitioner's Application for Order Confirming Domestic Arbitration Award.
                ECF No. 1; App. pgs. X000001 to X000008.

Exhibit B:      Petitioner's Memorandum in Support of Application for Order Confirming
                Domestic Arbitration Award. ECF No. 1-1; App. pgs. X000009 to X000015.

Exhibit C:      Appendix to Petitioner's Memorandum in Support of Application for Order
                Confirming Domestic Arbitration Award. ECF No. 1-2: App. pgs. X000016
                to X000086.

                Exhibit A:      The Contract, pg. 001; App. pg. X000019.
                Exhibit B:      The appointment of Judge Ashworth as Arbitrator in JAMS
                                Ref. No. 1310021501, pgs. 002-008; App. pgs. X000021 to
                                X000027.
                Exhibit C:      Order of Special Master Yanni in JAMS Ref. No.:
                                1200048059 determining that she does not have jurisdiction
                                of the second arbitration proceeding filed by Drake or on his
                                behalf, pgs. 009-010; App. pgs. X000029 to X000030.
                Exhibit D:      JAMS Ref. No. 1310021501, Scheduling Orders No. 1, 2 and
                                3, pgs.011-029; App. pgs. X000032 to X000050.
                Exhibit E:      JAMS Ref. No. 1310021501, the extension of the April 4,
                                2016 hearing, continued on May 9 and concluding on May 10,
                                2016, pgs. 029-037; App. pgs. X000052 to X000059.
                Exhibit F:      Corrected Final Award issued July 7, 2016, pgs. 038-057;
                                App. pgs. X000061 to X000080.
                Exhibit G:      Citation and Summons of Drake, pgs. 058-059; App. pgs.
                                X000082 to X000083.
                Exhibit H:      Affidavit of Jennifer M. Andrews verifying the Exhibits of
                                the Appendix as true and correct copies of the originals of the
                                materials, pg. 060-061; App. pgs. X000085 to X000086.

Exhibit D:      Summons Issued to William Scott Drake. ECF No. 4; App. pgs. X000087 to
                X000088.

Exhibit E:     Order of Reference to United States Magistrate Judge.  ECF No. 5; App. pgs. 000089 to X000090.

Exhibit F:     Proof of Service.  ECF No. 6; App. pgs. X000091.

Exhibit G:     Petitioner's Motion to Confirm Domestic Arbitration Award and Enter Judgment.  ECF No. 7; App. pgs X000092 to X000094.

Exhibit H:     Petitioner's Memorandum in Support of  Motion to Confirm Domestic Arbitration Award and Enter Judgment. ECF No. 7-1; App. pgs X000095 to X000100.

Exhibit I:     Respondent's Motion to Dismiss and Alternatively to Transfer Venue. ECF No. 8; App. pgs. X000101 to X000104.

Exhibit J:     Respondent's Memorandum in Support of Respondent's Motion to Dismiss and Alternatively to Transfer Venue.  ECF No. 9; App. pgs. X000105 to X000130.

Exhibit K:     Petitioner's Response to Respondent's Motion to Dismiss and Alternatively to Transfer Venue.  ECF No. 13; App. pgs. X000131 to X000133.

Exhibit L:     Petitioner's Memorandum in Support of Petitioner's Response to Respondent's Motion to Dismiss and Alternatively to Transfer Venue.  ECF No. 13-1; App. pgs. X000134 to X000163.

Exhibit M:     Declaration of Cynthia Kent Maragoudakis attached to Petitioner's Memorandum in Support of Petitioner's Response to Respondent's Motion to Dismiss and Alternatively to Transfer Venue. ECF No. 13-2; App. pgs. X000164 to X000166.

Exhibit N:     Appendix to Petitioner's Memorandum in Support of Petitioner's Response to Respondent's Motion to Dismiss and Alternatively to Transfer Venue. ECF No. 13-3; App. pgs. X000167 to X000645.

Appendix I     Arbitration Hearing 4.4.16, App.  0062-0116; App. pgs. X000171 to X000225.
Appendix J     Arbitration Hearing 5.9.16, App.  0117-0193; App. pgs. X000227 to X000303.
Appendix K     Arbitration Hearing 5.10.16, App.  0194-0277; App. pgs. X000305 to X000388.
Appendix L     SMJ Exhibit 1, App.  0278-0406; App. pgs. X000390 to X000518.

Appendix M   SMJ Exhibit 2, App. 0407-0410; App. pgs. X000520 to X000523.

Appendix N   Summons for William Drake, App. 0411-0412; App. pgs. X000525 to X000525.

Appendix O   1.20.15 Interim Ruling by Judge Ashworth, App. 0413-0415; App. pgs. X000528 to X000530.

Appendix P   2.23.15 Interim Ruling No. 2 by Judge Ashworth, App. 0416-0419; App. pgs. X000532 to X000538.

Appendix Q   2.16.16 Scheduling Order No. 1 from Special Master Yanni, App. 0420-0421; App. pgs. X000537 to X000538.

Appendix R   3.9.16 Order Re Jurisdiction from Special Master Yanni, App. 0422-0423; App. pgs. X000540 to X000541.

Appendix S   William Drake Depo 3.7.16 App. 0424-0456; App. pgs. X000543 to X000575.

Appendix T   Retainer Agreement DePuy ASR Hip Replacement System Dated 1.25.13 signed by William Drake, App. 0457-0458; ; App. pgs. X000577 to X000578.

Appendix U   11.19.13 Settlement Agreement between DePuy and Counsel, App. 0459-0468; App. pgs. X000580 to X000589.

Appendix V   U.S. ASR Hip Settlement Status Date 8.12.14, App. 0469-0476; App. pgs. X000591 to X000598.

Appendix W   U.S. ASR Hip Settlement Status Date 6.30.15, App. 0477-0484; App. pgs. X000600 to X000607.

Appendix X   JAMS Comprehensive Arbitration Rules and Procedures, App. 0485-0500; App. pgs. X000609 to X000624.

Appendix Y   JAMS Comprehensive Arbitration Rules and Procedures, App. 0501-0520; App. pgs. X000626 to X000645.

Exhibit O:   Respondent's Reply Brief in Support of his Motion to Dismiss. ECF No. 15; App. pgs. X000646 to 000656.

Exhibit P:   Petitioner's Motion for Leave to File Supplemental Memorandum. ECF No. 16; App. pgs. X000657 to X000660.

Exhibit Q:   Petitioner's Memorandum in Support of his Motion for Leave to File Supplemental Memorandum. ECF No. 16-1; App. pgs. X000661 to X000664.

Exhibit R:   Appendix to Petitioner's Memorandum in Support of his Motion for Leave to File Supplemental Memorandum. ECF No. 16-2; App. pgs. X000665 to 000683.

| | | |
|---|---|---|
| Exhibit Z | Declaration of Jim Sutcliffe, process server; App. pgs. X000672 to X000673. | |
| Exhibit Z-1 | Photographs of Respondent and his wife; App. pgs. X000675 to X000676. | |
| Exhibit Z-2 | Photograph of Respondent; App. pg. X000678. | |
| Exhibit Z-3 | Proof of Service.  ECF No. 6; App. pg. X000680. | |
| Exhibit 3 | Declaration of Cynthia Maragoudakis; App. pgs. X000682 to X000683. | |

Exhibit S:   Petitioner's Supplemental Response to Respondent's Motion to Dismiss and Alternatively to Transfer Venue. ECF No. 17; App. pgs. X000684 to X000687.

Exhibit T:   Petitioner's Supplemental Response to Respondent's Motion to Dismiss and Alternatively to Transfer Venue, with attached exhibits. ECF No. 19; App. pgs. X000688 to X000704.

| | | |
|---|---|---|
| Exhibit Z | Declaration of Jim Sutcliffe, process server; App. pgs. X000693 to X000694. | |
| Exhibit Z-1 | Photographs of Respondent and his wife; App. pgs. X000696 to X000697. | |
| Exhibit Z-2 | Photograph of Respondent; App. pg. X000699. | |
| Exhibit Z-3 | Proof of Service.  ECF No; App. pg. X000701. | |
| Exhibit 3 | Declaration of Cynthia Maragoudakis; App. pgs. X000703 to Xooo704. | |

Exhibit U:   Respondent's Supplemental Memorandum in Reply to Plaintiff's Supplemental Memorandum, Subject to Defendant's Motion to Dismiss and Alternatively to Transfer Venue and Objections to Plaintiff's Supplemental Evidence.  ECF No. 20; App. pgs. X000705 to X000710.

Exhibit V:   Order of Reference, referral of Motion to Dismiss to Magistrate Judge Paul D. Stickney for recommendation.   ECF No. 21; App. pgs. X000711 to X000712.

Exhibit W:   Ordeer of Reference, referral of Request to Transfer Venue to Magistrate Judge Stickney for determination.  ECF No. 22; App. pgs. X000713 to X000714.

Exhibit X:   Findings, Conclusions, and Recommendations of the United States Magistrate Judge, signed February 9, 2017. ECF No. 30; App. pgs. X000715 to X000723.

The following documents are incorporated herein by reference as fully as though set forth verbatim:

    a.    Petitioner's Application for Order Confirming Domestic Arbitration Award [ECF No. 1; App. pgs. X000001 to X000008] and Memorandum in Support of said application [ECF No. 1-1; App. pgs. X000009 to X000015] with Appendix [ECF No. 1-2; App. pgs. X000016 to X000086];

    b.    Petitioner's Motion to Confirm Domestic Arbitration Award and Enter Judgment [ECF No. 7; App. pgs. X00092 to X000094] and Memorandum in Support of said motion [ECF No. 7-1; App. pgs. X000095 to X000100];

    c.    Petitioner's Response to Respondent's Motion to Dismiss and Alternatively to Transfer Venue [ECF No. 13; App. pgs. X000131 tp X000133] and Memorandum in Support of said response [ECF No. 13-1; App. pgs. X000134 to X000163] with Declaration [ECF No. 13-2; App. pgs. X000164 to X000166] and with Exhibits [ECF No. 13-3; App. pgs. X000167 to X000645];

    d.    Appendix to Petitioner's Memorandum in Support of Petitioner's Unopposed Motion for Leave to Supplement Petitioner's Memorandum and Appendix in Support of Petitioner's Response to Respondents's Motion to Dismiss and Alternatively Motion to Transfer Venue (ECF No. 16-2; App. pgs. X000665 to X000683];

    e.    Petitioner's Supplemental Response to Respondent's Motion to Dismiss and Alternatively to Transfer Venue [ECF No. 17; App. pgs. X000684 to X000687]; and,

    f.    Petitioner's Supplemental Response to Respondent's Motion to Dismiss and Alternatively to Transfer Venue, with attached exhibits [ECF No. 19; App. pgs. X000688 to X000704].

## ARGUMENT

### A.  Service in Accordance with FRCP 4(e) is Effective Service Under FAA Section 9

11.   The Federal Arbitration Act ("FAA"), Title 9, United States Code, Section 9 ("Section 9")

states, in pertinent part, as follows:

> ...[A]ny party to the arbitration may apply... for an order confirming the award, and thereupon
> the court must grant such an order unless the award is vacated, modified, or corrected as
> prescribed in section 10 and 11 of this title. ...[S]uch application may be made to the United
> States court in and for the district within which such an award was made.  Notice of the
> application shall be served upon the adverse party, and thereupon the court shall have
> jurisdiction of such party as though he had appeared generally in the proceeding. ...If the
> adverse party shall be a nonresident, then the notice of the application shall be served by the
> marshal of any district within which the adverse party may be found in like manner as other
> process of the court.

12.   Respondent was properly served, pursuant to Fed. R. Civ. P. Rule 4(e)(2)(b) and Rule

5(b)(2)(B), with notice of Petitioner's application, and proof of service made and filed, pursuant to

Fed. R. Civ. P. Rule 4(l)(1) and Rule 5(d)(3). [Summons, ECF No. 4; App. pgs. X000087 to

X000088; Proof of Service, ECF No. 6; App. pg. X000091; ECF No. 19; App. pgs. X000688 to

X000704]   The Magistrate Judge makes no finding of any insufficiency of process, nor any

insufficiency of service of process, or insufficiency in proof of service, pursuant to Fed. R. Civ. P.,

Rules 4 or 5. [ECF No. 30; App. pgs. X000615 to X000623]

13.   Notwithstanding proper service on Respondent pursuant to Rule 4(e), the Magistrate Judge

found that this Court did not acquire personal jurisdiction over Respondent under Section 9 solely

because notice of Petitioner's application was served by a *private process server, rather than a U.S. marshal*. [ECF No. 30; App. pgs. X00021-22]  The Magistrate Judge's finding is contrary to a prior decision of this Court, as well as contrary to the weight of authority.

14.     Petitioner is unaware of any 5th Circuit Court of Appeals decision, or any Circuit Court of Appeals decision, or any United Supreme Court decision, which directly addresses the question as to effective service under Section 9 by a private process server, rather than by a U.S. marshal. However, many federal district courts, including this Court, have addressed this precise question.

15.     In *May Financial Corporation v. Granger Meadows, Ltd*., No. 3:02-CV-2482-L, 2003 WL 21246130 (N.D. Tex. March 31, 2003), while addressing an Application to Confirm Arbitration Award, analogous factual circumstances presented to this Court the identical question – effective service under Section 9 by a private process server, rather than by a U.S. marshal – as is once again presented in the matter now before this Court.  The Magistrate Judge in the *May Financial* case, noting a return of service was filed showing service by a private process server, found that "...the prerequisite to jurisdiction in Section 9 – that notice of the application shall be served upon Defendant – has been established", and further noted:

> Although Plaintiff's application was served by a private process server, and Section 9 requires that "the application shall be served by the marshal of any district within which the adverse party may be found," Section 9 "cannot be taken as the proper standard for service of process ... because it cannot account for the subsequent abandonment of United States marshals as routine process servers."  *Matter of Arbitration Between Trans Chemical Ltd. and China Nat. Machinery Import and Export Corp*., 978 F. Supp. 266, 300 & n. 138 (S. D. Tex. 1997).  Thus, under Federal Rule of Civil Procedure 4(h)(1), Defendant was properly served.
> [*Case 3:02-cv-02482-L; Document 8, Filed 01/30/03, pg 3*]

By Order of this Court in the *May Financial* case, dated March 31, 2003, this Court stated,

"After reviewing the findings, the court determines them to be correct, and they are accepted as those

of the court." [*Case 3:02-cv-02482-L; Document 9, Filed 03/31/03, pg 1*]

16.     It should be noted that, without discussion, the district court's opinion *In re Arbitration*

*Between: Trans Chemical Ltd.  and China Nat. Machinery Import and Export Corp*., 978 F. Supp.

266 (S. D. Tex. 1997), was affirmed, Per Curiam, by the 5th Circuit Court of Appeals, stating "We

agree with the district court's analysis of these issues and therefore adopt Parts I-V of its careful and

comprehensive opinion.  *Trans Chemical Ltd.  and China Nat. Machinery Import and Export Corp*.,

161 F.3d 314 (5th Cir. 1998).

17.     In *VentureForth Holdings LLC v. Joseph*, 80 F. Supp. 3d 147, 148-49 (D.D.C. 2015), in

considering the identical question as to effective service under Section 9 by a private process server,

rather than by a U.S. marshal, the Court stated:

> ...[T]his Court holds that service of a nonresident complies with § 9 of the FAA if service
> is provided in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See also Reed*
> *& Martin, Inc. v. Westinghouse Elec. Corp.,* 439 F.2d 1268, 1277 (2d Cir.1971) ("The phrase
> 'in like manner as other process of the court' found in § 9 of the Arbitration Act refers to
> Fed. R. Civ. P. 4 on the accomplishment of appropriate service...."); *Hancor, Inc. v. R & R*
> *Eng'g Products, Inc.,* 381 F.Supp.2d 12, 15–16 (D.P.R.2005) (determining that Rule 4 of the
> Federal Rules of Civil Procedure provides the standard for service of process required by 9
> U.S.C. § 9); *In re Lauritzen Kosan Tankers (Chem.Trading, Inc.),* 903 F.Supp. 635, 637
> (S.D.N.Y.1995) ("The phrase 'in like manner as other process of the court' included in the
> FAA refers to Rule 4 of the Federal Rules of Civil Procedure.").

18.     Section 9's reference to service by a marshal reflects that the FAA was enacted in its present

form in 1947. In 1982, amendments to the Federal Rules of Civil Procedure essentially ended the

role of marshals as routine process servers in favor of private process servers.  *Technologists, Inc.,*

*v. Mir's Ltd*, 725 F. Supp. 2d 120, 126 (D.D.C. 2010) (noting that the requirement that nonresidents

be served by the marshal "...is an artifact of the era in which United States marshals were the default

servers of process in federal courts, an era that ended in the 1980s when the Federal Rules of Civil

Procedure were amended so as to allow for service by any nonparty over the age of 18."); *Hancor, Inc. v. R&R Eng'g Prods.*, Inc, 381 F. Supp. 2d 12, 15 (D.P.R. 2005) ("Section 9 is an anachronism... because it cannot account for the subsequent abandonment of the United States marshals as routing process servers ... The "ostensible principal purpose" of the amendments [to the Federal Rules of Civil Procedure] was "to take the marshals out of the summons service almost entirely").

19.    Federal courts consistently hold that service of an application to confirm an award is effective and confers jurisdiction under Section 9 where service is made in accordance with Rule 4(e). *Hancor*, 381 F. Supp. 2d at 15 (service that satisfied Rule 4(e) held effective); *United Cmty. Bank v. Angarita*, No. 1:09cv307, 2010 WL 2775372 (W.D.N.C. July 13, 2010) (entering default judgment where service made in accordance with Rule 4(e)); *1-800-BoardUp, Inc. v. Quality Renovations, LLC*, No. 4:12-MC-331, LEXIS 91851 at 2 (E.D. Mo. July 2, 2012) (Section 9 cannot be taken as the proper standard for service of process.  Recourse must be had to the Federal Rules of Civil Procedure.).

20.    Notice of Petitioner's application was served upon Respondent pursuant to Fed. R. Civ. P. Rule 4(e). [Proof of Service, ECF No. 6; App. pg. X000091]  The Magistrate Judge finds that the Proof of Service shows that a private process server located in Minnesota served the notice of Petitioner's application. [ECF No. 30; App. pg. X000020] The Magistrate Judge makes no finding, nor suggests any insufficiency of process or insufficiency of service of process pursuant to Fed. R. Civ. P., Rules 4 or 5. [ECF No. 30; App. pgs. X000615 to X000623]

21.    No case cited by the Magistrate Judge [ECF No. 30; App. pgs. X00021-22] addresses the question of effective service under Section 9 by a private process server, rather than by a U.S. marshal.  Indeed, the cases do not involve the FAA in any manner.  Rather, the cases address general

principals of law indirectly related, if at all, to the question before the Court.

*Cunningham v. Burns*, No. 3:12-CV-1824-L (BH) 2013 WL 4505157, at *2 (N.D. Tex. Aug. 23, 2013) is 42 U.S.C. sec. 1983 civil rights case, which reiterates the general rule that a federal court is without personal jurisdiction over a defendant unless defendant is served with process in accordance with Fed. R. Civ. P., Rule 4.  Respondent herein was served process in accordance with Rule 4(e).

*Pavlov v. Parson*, 574 F. Supp. 393, 399 (S.D. Tex. 1983) is a slander and assault case, which holds that a district court has personal jurisdiction over a defendant properly served in accordance with Rule 4(e).  Respondent herein was served process in accordance with Rule 4(e).

*Dunlap v. City of Fort Worth*, No. 4:13-CV-802-O (BJ), 2014 WL 1677680, at *3 (Apr. 28, 2014) is an EEOC case, which holds that service under TRCP 106 was improper because citation was mailed to the wrong person.  Respondent herein was served process in accordance with Rule 4(e).

*Murphy Bros. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 350 (1999) is a breach of contract and fraud diversity case, holding 30 day removal period is not triggered by defendant receiving a fax of the complaint.  Respondent herein was served process in accordance with Rule 4(e).

*Way v. Mueller Brass Co,* 840 F.2d 303, 306 (5th Cir. 1988) an EEOC case, found mailing summons to the wrong person was not proper service under Rule 4(d)(6).  Respondent herein was served process in accordance with Rule 4(e).

*Papa Berg, Inc. v. World Wresting Entm't, Inc.*, No. 3:12-CV-2406-B, 2013 WL 2090547, at *1 (N.D. Tex. May 15, 2013) is a copyright diversity case involving due process and traditional

minimum contacts analysis, after which a Rule 12(b)(2) defense resulted in dismissal.  Respondent herein was served process in accordance with Rule 4(e), and this Court thereby has statutory personal jurisdiction over Respondent pursuant to Section 9, without regard to traditional personal jurisdiction analysis.

22.     In accordance with the great weight of applicable authority, the Magistrate Judge should have found service upon Respondent by a private process server, pursuant to Fed. R. Civ. P., Rule 4(e), to be effective under Section 9 to confer upon this Court personal jurisdiction over Respondent to support an order of this Court to confirm a domestic arbitration award.  Petitioner objects to such failure.

### B.  Failure to Assert R12(b)(2-5) Defenses Results in Waiver

23.     Respondent did not raise or assert lack of effective service due to service by a private process server, rather than by a U.S. marshal, as a defense under Rule 12(b)(2) or (4) or (5). [Mot. to Dismiss, ECF No. 8; App. pgs. X000101 to X000104]  Pursuant to Rule 12(h)(1), any such defense is waived, and cannot be resurrected by the Magistrate Judge *sua sponte*. [ECF No. 30; App. pgs. X000620]

24.     The Magistrate Judge erred in failing to find waiver, pursuant to Fed. R. Civ. P 12(h)(1), of any defense which Respondent could have asserted, pursuant to Fed. R. Civ. P. 12(b)(2) or (4) or (5), based upon service by a private process server, rather than by a U.S. marshal, in that Respondent wholly failed to raise or assert any defense based upon lack of service upon Respondent by a U.S. Marshal. [Mot. to Dismiss, ECF No. 8; App. pgs. X000101 to X000104]

**C.  Alternatively, if Service by Private Process Server is Insufficient,**

**Service Should Be Quashed With Leave to Re-Serve Respondent**

25.     The alternative relief of quashing service with leave to re-serve Respondent is requested only in the event this Court should not find service according to Rule 4 to have been effective as requested in Argument Section A above, and/or should not find waiver pursuant to Rule 12(h)(1) as requested in Argument Section C above.

26.     The Magistrate Judge's recommendation of dismissal cites to authority involving Rule 12(b)(2) defenses for lack of personal jurisdiction involving due process and traditional minimum contacts analysis.   Conversely, the matter before this Court involves personal jurisdiction over Respondent to confirm an arbitration award, with personal jurisdiction statutorily conferred upon this Court by Section 9 upon effective service of Petitioner's Application upon Respondent. 9 U.S.C. Section 9.

27.     *Had* Respondent chosen to raise or assert insufficient service due to service by a private process server, rather than by a U.S. marshal, Respondent should have raised such defense under Rule 12(b)(5).  Service by a private process server, rather than a U.S. marshal, *if* determined to be ineffective, is curable by re-serving Respondent by a U.S. marshal.   While dismissal may be discretionary, under the circumstances before this Court, it would be appropriate to quash service, order an extension of time for service of citation, and grant Petitioner leave to obtain service upon Respondent by a U.S. marshal within a prescribed period of time.  *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3rd Cir. 1992); *Gregory v. U.S.*, 942, F.2d 1498, 1500 (10th Cir. 1991).

**D. This Court Should Enter an Order Confirming Arbitration Award**

28.     Petitioner's Application for Order Confirming Domestic Arbitration Award [ECF No. 1;

App. pgs. X000001 to X000008], Memorandum in Support of said application [ECF No. 1-1; App. pgs. X000009 to X000015] and Appendix [ECF No. 1-2; App. pgs. X000016 to X000086], were properly filed in this Court in and for the district within which the Corrected Final Award was made, and on the same day as the Corrected Final Award was issued, in accordance with the provisions of 9 U.S.C. Section 9. [ECF No. 30; App. pgs. X000619-20]

29.     For the reasons set forth in Argument sections A and B above, the Court should find that personal jurisdiction pursuant to Section 9 has been established by effective service upon Respondent by a private process server in accordance with Rule 4(e).

30.     Respondent has not submitted any evidence that would support vacatur under 9 U.S.C. Section 10. [Mot. to Dismiss and supporting Memorandums, ECF No. 8, App. pgs. X000101 to X000104: ECF No. 9, App. pgs. X000105 to X000130; ECF No. 15, App. pgs. X000646 to X000656; and ECF No. 20, App. pgs. X000705 to X000710]

31.     This Court should enter an Order confirming the Corrected Final Arbitration Award [ECF No. 1-2; App. pgs. X000061 to X000080], as requested by Petitioner's Application for Order Confirming Domestic Arbitration Award. [Application, ECF No. 1; App. pgs. X00007-8]

### E. CONCLUSION

32.     Because the Magistrate Judge's findings, conclusions, and recommendations are in error, Petitioner asks the District Court to:

A.      Reject the finding that service upon Respondent by a private process server, pursuant to Fed. R. Civ. P., Rule 4(e), is ineffective to confer upon this Court personal jurisdiction over Respondent, pursuant to 9 U.S.C. Section 9, to support an order of this Court to confirm a domestic arbitration award;

B.     Reject the finding that that service upon Respondent by a U.S. marshal is required to confer personal jurisdiction upon this Court over Respondent, pursuant to 9 U.S.C. Section 9, to support an order of this Court to confirm a domestic arbitration award;

C.     Find that service upon Respondent by a private process server, pursuant to Fed. R. Civ. P.. Rule 4(e), of Petitioner's Application for Order Confirming Domestic Arbitration Award, Memorandum in Support of said application with attached Appendix, along with citation and summons, as reflected by Proof of Service on file in this matter, was effective to confer upon this Court personal jurisdiction over Respondent, pursuant to 9 U.S.C. Section 9, to support an order of this Court to confirm a domestic arbitration award;

D.     Find waiver, pursuant to Fed. R. Civ. P., Rule 12(h)(1), of any defense which Respondent could have asserted, pursuant to Fed. R. Civ. P., Rule 12(b)(2) or (4) or (5), based upon service by a private process server, rather than by a U.S. marshal, in that Respondent wholly failed to raise or assert any defense based upon lack of service upon Respondent by a U.S. Marshal;

E.     Enter an order confirming the domestic arbitration award, enter final judgment in Petitioner's favor against Respondent in accordance with the Corrected Final Award, and order that execution may issue on the final judgment; or,

F.     Alternatively, to reject the recommendation of dismissal of Petitioner's Application for an Order Confirming Domestic Arbitration Award, and enter an order quashing service, extending expiration of citation for 60 days of such order, order service of such citation by the U.S. Marshals Service, and Grant Petitioner leave to obtain

service upon Respondent by a U.S. marshal within 60 days of such order; and,

G.      Grant such other and further relief to which Petitioner may show himself justly entitled.

Respectfully submitted,

/s/ Thomas R. Needham

_____
Thomas R. Needham,
State Bar No. 14855300
johnsonneedhamlaw@gmail.com
Law Offices of Thomas R. Needham
909 Meadow View Drive
Richardson, Texas 75080
Telephone: (817) 523-1330
Facsimile:   (469) 248-0602
**ATTORNEYS FOR PETITIONER,
STEVEN M. JOHNSON**

## CERTIFICATE OF SERVICE

On February 23, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).


*/s/ Thomas R. Needham*

_____
Thomas R. Needham